O

1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                            **EASTERN DIVISION**

11

12   RAEDENE MARLENE CHICO,        )    Case No. EDCV 12-00558-MLG
                                   )
13                  Plaintiff,     )    MEMORANDUM OPINION AND ORDER
                                   )
14            v.                   )
                                   )
15   MICHAEL J. ASTRUE,            )
     Commissioner of the           )
16   Social Security              )
     Administration,               )
17                                 )
                    Defendant.     )
18   _____)

19        Plaintiff Raedene Marlene Chico ("Plaintiff") seeks judicial review

20   of the Commissioner's final decision denying her applications for

21   disability insurance benefits ("DIB") and supplemental security income

22   benefits ("SSI"), pursuant to Titles II and XVI of the Social Security

23   Act. For the reasons stated below, the Commissioner's decision is

24   remanded for further proceedings.

25

26   **I.   Factual and Procedural Background**

27        Plaintiff was born on May 29, 1978 and was 30 years old at the time

28   she filed her applications for benefits. (Administrative Record ("AR")

1   at 136). She has work experience as a dispatcher. (AR at 67).

2       On January 30, 2009, Plaintiff filed applications for DIB and SSI,

3   alleging that she has been disabled since May 14, 2008, due to a back

4   injury, pain and numbness in her legs, depression, and anxiety. (AR at

5   167). The Social Security Administration denied Plaintiff's applications

6   by initial determination. (AR at 60, 79-83).

7       An administrative hearing was held before Administrative Law Judge

8   ("ALJ") Selwyn Walters on March 19, 2010. (AR at 16-54). Plaintiff, who

9   was represented by counsel, testified at the hearing. (AR at 22-50). In

10  a written decision dated May 28, 2010, the ALJ found: Plaintiff had not

11  engaged in substantial gainful activity since May 14, 2008, the date she

12  filed applications for DIB and SSI (step one); Plaintiff has medically

13  determinable severe impairments of degenerative disc disease, an annular

14  tear at L5-S1 of the lumbosacral spine and obesity (step two);

15  Plaintiff's impairments did not meet or equal any impairment in the

16  Listings of Impairments (step three); Plaintiff retained the residual

17  functional capacity ("RFC") to perform light work except she would need

18  to alternate sitting and standing once an hour for 10 minutes at a time

19  in addition to regularly scheduled breaks; and Plaintiff would be able

20  to perform her past relevant work as a dispatcher (step four). (AR at

21  60-68). Accordingly, the ALJ determined that Plaintiff was not disabled.

22  (AR at 68).

23      On January 24, 2012, the Appeals Council denied review, and the

24  ALJ's decision became the final decision of the Commissioner. (AR at 73-

25  77). Plaintiff commenced this action for judicial review on April 19,

26  2012. The parties filed a Joint Stipulation of disputed issues of law

27  and fact on October 4, 2012. Plaintiff contends that the ALJ: (1) failed

28  to properly evaluate Plaintiff's credibility; and (2) failed to properly

1  evaluate the opinions of Plaintiff's physicians. (Joint Stipulation at

2  4-7, 11-16, 17-18). Plaintiff seeks remand for payment of benefits or,

3  in the alternative, remand for further proceedings. (Joint Stipulation

4  at 18). The Commissioner requests that the ALJ's decision be affirmed.

5  (Joint Stipulation at 19).

6

7  **II.   Standard of Review**

8       Under 42 U.S.C. § 405(g), a district court may review the

9  Commissioner's decision to deny benefits. The Commissioner's or ALJ's

10 findings and decision should be upheld if they are free from legal error

11 and are supported by substantial evidence based on the record as a

12 whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401

13 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial

14 evidence means such evidence as a reasonable person might accept as

15 adequate to support a conclusion. *Richardson*, 402 U.S. at 401;

16 *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more

17 than a scintilla, but less than a preponderance. *Lingenfelter*, 504 F.3d

18 at 1035 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir.

19 2006)). To determine whether substantial evidence supports a finding,

20 the reviewing court "must review the administrative record as a whole,

21 weighing both the evidence that supports and the evidence that detracts

22 from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715,

23 720 (9th Cir. 1996). "If the evidence can reasonably support either

24 affirming or reversing," the reviewing court "may not substitute its

25 judgment" for that of the Commissioner. *Id.* at 720-721.

26 //

27 //

28 //

1  **III.   Discussion**

2        **A.    Plaintiff's Credibility**

3        Plaintiff alleges she suffers from significant pain and limitations

4  due to her low back impairment. (AR 30-39). She alleges that she can

5  stand for 10 to 15 minutes and sit for approximately 30 minutes at a

6  time. (AR at 40, 49). Plaintiff stated that she needs help with

7  activities such as cooking, laundry, washing dishes, making her bed,

8  vacuuming, cleaning the house, and fixing her hair. (AR at 40-42).

9        The ALJ found Plaintiff's subjective symptom testimony not fully

10 credible. (AR at 65-66). The ALJ explained that Plaintiff's medically

11 determinable impairments could reasonably be expected to cause the pain

12 symptoms, but that Plaintiff's allegations concerning the intensity,

13 persistence, and limiting effects of her symptoms were not credible to

14 the extent alleged. (AR at 66). The ALJ based this adverse credibility

15 determination on a lack of objective medical evidence to substantiate

16 the severity of Plaintiff's symptoms and inconsistent test results on

17 lumbosacral spine examinations. (AR at 65-66).

18        However, it is improper to discount a claimant's credibility solely

19 due to a lack of objective medical evidence to corroborate a claimant's

20 subjective symptom testimony, where, as in this case, there is objective

21 medical evidence of underlying impairments. *Bunnell v. Sullivan*, 947

22 F.2d 341, 345 (9th Cir. 1991) ("Once the claimant produces objective

23 medical evidence of an underlying impairment, an adjudicator may not

24 reject a claimant's subjective complaints based solely on a lack of

25 objective medical evidence to fully corroborate the alleged severity of

26 pain."); *see also Reddick*, 157 F.3d at 722; *Smolen v. Chater*, 80 F.3d

27 1273, 1281-82 & n. 2 (9th Cir. 1996). Where there is no evidence of

28 malingering, the ALJ may reject the subjective symptom testimony only by

                                          4

1  offering "specific, clear and convincing reasons for doing so." *Smolen*,

2  80 F.3d at 1283–84; *see also Reddick*, 157 F.3d at 722. The ALJ failed to

3  do so here.

4       The Commissioner asserts that there were other valid reasons for

5  discounting Plaintiff's credibility, including evidence of malingering,

6  inconsistent statements regarding daily activities, and lack of mental

7  health treatment. (Joint Stipulation at 8-10). The ALJ, however, did not

8  cite any of these other reasons as a basis for discounting Plaintiff's

9  testimony. For example, while the ALJ noted that Plaintiff's lumbosacral

10  spine test results were inconsistent and "rather odd," the ALJ never

11  found Plaintiff to be a malingerer.[1] (AR at 66, 416, 462, 465). There was

12  no medical opinion in the record suggesting that lack of effort or

13  malingering was related to the "widely disparate" lumbosacral spine test

14  results. (AR at 66). The Commissioner also notes inconsistent statements

15  regarding Plaintiff's daily activities as a basis to reject Plaintiff's

16  credibility. (Joint Stipulation at 8-9; AR at 40-43, 65, 411); *Bunnell*,

17  947 F.2d at 346. Although the ALJ discussed Plaintiff's statements about

18  her daily activities in the decision, the ALJ did not identify any

19  inconsistencies in Plaintiff's statements; nor did the ALJ rely on any

---

21       [1]  The ALJ commented on Plaintiff's varying lumbosacral spine test
22  results as follows:

23       In April 2009, [the claimant] was noted to get on and off the
        examination table satisfactorily, and she had a normal gait
24       and could walk on her heels and toes. However, she had a
        positive Spurling's test and a positive straight leg-raising
25       test both seated and supine at 90 degrees. It is rather odd,
        therefore that Ms. Chico suddenly described pain at 45 degrees
26       during a straight leg-raising test in October 2009 and at five
        degree degrees in November 2009.  No explanation in the record
27       is provided for these widely disparate results.

28  (AR at 66) (citations omitted)).

5

1 purported inconsistent statements to reject Plaintiff's testimony.[2]

2 Plaintiff's lack of mental health treatment was also not cited by the

3 ALJ in his evaluation of Plaintiff's credibility. (Joint Stipulation at

4 10; AR at 66). Rather, in the decision, the ALJ merely noted that

5 Plaintiff took psychiatric medications, but "stopped seeing a

6 psychiatrist after a short while." (AR at 66).

7     The Court cannot rely on reasons that the ALJ did not mention to

8 support the adverse credibility finding. *See Connett v. Barnhart*, 340

9 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's credibility

10 decision based on reasons not cited by the ALJ); *Pinto v. Massanari*, 249

11 F.3d 840, 847 (9th Cir. 2001) ("[W]e cannot affirm the decision of an

12 agency on a ground that the agency did not invoke in making its

13 decision.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

14

15 **IV.  Conclusion**

16     Accordingly, the case is remanded for further proceedings

17 consistent with this opinion and order so that the ALJ may further

18 evaluate Plaintiff's subjective symptom testimony and credibility. *See*

19

20     [2]  The ALJ described Plaintiff's daily activities as follows:

21 With respect to activities of daily living, Ms. Chico
   testified that she lives with her father.  She has a license
22 and drives a few miles occasionally, she attends family
   gatherings, she can prepare simple foods, and she is
23 physically unable to cook, wash the dishes, do laundry, make
   her bed, or vacuum, but she can sweep.  Ms. Chico further
24 testified that she will go to the grocery store with her
   girlfriend's assistance but that she generally spends all day
25 in bed or watching television.  She also needs assistance
   sometimes while showering or doing her hair. In April 2009,
26 Ms. Chico stated that she was able to care for her personal
   needs, drive, handle money, go out alone, and maintain fair
27 relationships with other people.

28 (AR at 65 (citations omitted)).

1  *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there

2  are outstanding issues that must be resolved before a determination of

3  disability can be made, and it is not clear from the record that the ALJ

4  would be required to find the claimant disabled if all the evidence were

5  properly evaluated, remand is appropriate).[3]

6

7  Dated: October 19, 2012

8

9

10  _____

   MARC L. GOLDMAN

11  United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ───────────────

      [3]   In light of this remand, the Court does not reach Plaintiff's

27  remaining argument. *See Bunnell*, 336 F.3d at 1115-16. The Court

   recommends, however, that the ALJ consider all of Plaintiff's arguments

28  when determining the merits of her case on remand.